IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY ALLEN GREEN,

    Petitioner,

v.                                        CASE NO. 1:13-cv-18-MP -GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 5, Petitioner's amended petition for a writ of habeas corpus. The Court previously ordered Petitioner to amend his petition on the Court's forms. (Doc. 3.) However, in amending his petition, Petitioner failed to comply with the Court's directive and instead completed the first page of the form and then omitted the remaining pages he deemed "superfluous info" and signed the final page. (Doc. 5.) As an initial matter, Petitioner, who is an experienced litigator in that he has previously filed at least five actions in this District, has failed to comply with the Court's previous Order. However, in an abundance of caution, Petitioner will be permitted another opportunity to amend his petition. However, in amending his petition, Petitioner must follow the directions on the Court's form and complete the form <u>in its entirety</u>. He is also advised of the following:

To the extent Petitioner is attempting to challenge his Alachua County convictions for two counts of attempted sexual battery and one count of sexual

performance by a child, the instant petition would be successive.[1] In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). Petitioner was sentenced on November 10, 2005 to 102.525 months in prison, with credit for 16 days of jail time served. Since his sentencing date, approximately 87 months has passed. This is at odds with Petitioner's assertion that he has been in "some form of custody" for 103 months. To the extent he challenges the amount of credit given for time served (16 days versus 492 days), this would be an attack on his original conviction and sentence and cannot be entertained in a successive petition absent authorization from the Eleventh Circuit Court of Appeals.

To the extent Petitioner is challenging the loss of 364 days of gain time in connection with a prison disciplinary conviction for filing a frivolous habeas petitioner, which he contends violated his due process rights, such an action would be properly brought under § 2254. In amending his petition, he should focus on this disciplinary conviction as the "judgment of conviction" he is challenging. The loss of gain time and the hearing associated with it is at issue, <u>not</u> Petitioner's original sentence. For

---

[1] *Green v. McNeil,* Case No. 1:09-cv-204-MP-GRJ (denied on the merits); *Green v. Pippin*, Case No. 3:11-cv-457-MCR-CJK (denied as successive); *Green v. Tucker*, Case No. 1:12-cv-199-SPM-GRJ (denied as successive).

example, "date of sentencing" would be the date the gain time was revoked.

Petitioner anticipates that a successful habeas petition would result in restoration of gain time such that he would be entitled to immediate release. Petitioner's current release date is listed on the FDOC website as May 19, 2013, which, if accurate, will result in him serving approximately 91 months (or approximately 89%) of the 102.525 month sentence. The Court will consider ordering an expedited response from the Respondent, but this can only be effected if the Petitioner complies with this Court's directive and **fully completes the form with all pertinent information**.

Accordingly, it is **ORDERED:**

1. The Clerk shall send Petitioner a blank 28 U.S.C § 2254 petition form for state prisoners and an application for leave to proceed as a pauper.

2. Petitioner shall file his original Second Amended Petition, together with two identical service copies, **on or before March 11, 2013.** Failure to comply with this Order within the allotted time will result in a recommendation to the District Judge that this case be dismissed without further notice.[2]

**DONE AND ORDERED** this 8th day of February 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).