UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY ALLEN GREEN

    Petitioner,

v.                                                             Case No. 1:13-cv-00018-MP-GRJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____/

## ORDER

This cause comes before the Court on Petitioner's Motion For Disqualification of Magistrate Judge Gary R. Jones. (Doc. 8.) For the reasons discussed below the motion to disqualify is due to be denied.

Relying upon 28 U.S.C. § 455(a) Plaintiff requests that I recuse myself from this case because Petitioner alleges that I "possess a partiality toward the State, or state actors ... which makes an objective assessment of the issues in [Petitioner's] petition humanly impossible." Petitioner points to the two orders I have entered in this case and to a report and recommendation I entered in a previous case as evidence of bias and prejudice.

The standard for recusal under § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000). To satisfy the requirements of § 455(a) a party must offer facts, not merely allegations, that evidence partiality. *See, United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir.

1999)("[a] charge of partiality must be supported by some factual basis ... recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'"). A party should not be permitted to recuse a judge on unsupported, irrational or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986.) "[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

Plaintiff's motion is based upon conjecture and his subjective concern rather than upon any facts whatsoever. Notably, the motion does not point to any facts or information suggesting bias. Rather, Petitioner points to a report and recommendation I entered in a previous case recommending the dismissal of the petition because it was successive and because Petitioner had failed to receive permission from the Eleventh Circuit to file a successive habeas petition. *See, Green v Tucker*, Case No. 1:12-cv-199-SPM-GRJ, Doc. 4. A judge's previous rulings generally fail to justify recusal. *See, Byrne v. Nezhat*, 261 F. 3d 1075, 1103 (11th Cir. 2001)("adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."

Petitioner further suggests that I am biased because of the "close-knit community of jurists in Gainesville" which "could present personal and political difficulties enough to dissuade a local judge from exposing such wrong-doing and witch-burning by local jurists who remain in office." However, "[W]hen considering disqualification the district court is not to use the standard of 'Caesar's wife," the standard of mere suspicion. That is because the disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the

disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal Inc.,* 891 F. 2d 967, 970 (1st Cir. 1989)(Breyer, J.)(citations omitted). Simply put, the motion is premised exclusively upon Petitioner's conjecture that I am biased and is not based upon any facts suggesting extra-judicial conduct.

In the absence of any concrete, definite or particular facts that Petitioner can point to in support of his request for recusal, Petitioner's conjecture and subjective conclusions are legally insufficient to support recusal and fall well short of demonstrating that any reasonable individual could entertain significant doubt about the impartiality of the undersigned.

Accordingly, for these reasons, Petitioner's Motion For Disqualification of Magistrate Judge Gary R. Jones (Doc. 8) is due to be **DENIED**.

**DONE AND ORDERED** in Gainesville, Florida, on March 18, 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge